USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
ROBERT C BASS,                                          :
                                                        :
                                      Petitioner,       :
                                                        :
                 -against-                              :            24-CV-4586 (VEC)
                                                        :
                                                        :            OPINION & ORDER
      CITI GLOBAL MARKETS, INC.,                        :
                                                        :
                                      Respondent.       :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Petitioner Robert C Bass ("Petitioner") brings this action pursuant to 9 U.S.C. § 10

seeking to vacate an arbitration award in favor of Respondent Citi Global Markets, Inc.

("Respondent" or "Citi").  In the underlying arbitration, Petitioner alleged that a $1 billion wire

transfer from another bank was supposed to be deposited into his account with Respondent, but

he never received the funds.  After a hearing, the arbitrators dismissed Petitioner's claims.

Petitioner's Amended Motion to Vacate FINRA Award, Dkt. 7 ("Petition"), argues that the award

should be vacated.  For the following reasons, the Petition is DENIED, and the arbitration award

is confirmed.

## BACKGROUND

The Court assumes the parties' familiarity with the background of this case and recites

only the facts necessary to decide the Petition.  On May 22, 2023, Petitioner filed a Statement of

Claim before FINRA Dispute Resolution Services.  *See* Petition at 26.[1]  In his Statement of

Claim, Petitioner alleged that on May 7, 2019, a $1 billion cash transfer was sent from Deutsche

---

[1]     All citations to page numbers in the Petition refer to the page numbers on ECF.

Bank AG to Petitioner's Personal Wealth Management account at Citi.  Declaration of Adam

Kauff, Dkt. 25 ("Kauff Decl."), Ex. 1 ("Statement of Claim"), at 3.  Petitioner claimed that he

never received the funds.  *Id.*  He initiated arbitration against Respondent seeking the $1 billion

that Respondent allegedly received but failed to credit to his account, along with treble punitive

damages and costs.  *Id.* at 3–5; Petition at 27.  Respondent denied that it ever received $1 billion

on Petitioner's behalf.  Kauff Decl., Ex. 2, at 1.

During the arbitration, Petitioner filed several motions, all of which were denied.  Petition

at 27–29.  On October 18, 2023, Respondent moved to dismiss pursuant to Rule 12504 of the

Code of Arbitration Procedure, arguing that the alleged wire transfer never occurred.  *Id.* at 27.

On January 5, 2024, the arbitrators heard oral argument on the motion to dismiss and deferred

ruling until the close of Petitioner's case in chief.  *Id.*  The parties conducted discovery and

proceeded to an evidentiary hearing.  Kauff Decl. ¶¶ 9, 13.

After hearing evidence on June 5 and 6, 2024, *id.* ¶ 13, the arbitrators granted

Respondent's motion to dismiss, finding that the evidence Petitioner provided regarding the wire

transfer was not genuine.  Petition at 29.  The award in Respondent's favor was entered June 10,

2024, dismissing Petitioner's claims with prejudice and assessing $11,025 in hearing fees against

him.  *Id.* at 30–32.  Petitioner initiated this action on June 14, 2024.  *See* Dkt. 1.

## DISCUSSION

### I.    Petition to Vacate Arbitration Award Standard

There are limited grounds available for a court to vacate an arbitration award owing to

"the strong deference appropriately due arbitral awards and the arbitral process" and the need

"[t]o encourage and support the use of arbitration by consenting parties."  *Porzig v. Dresdner,*

*Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138–39 (2d Cir. 2007).  The Federal Arbitration

Act describes the few circumstances that will give rise to the vacatur of an arbitral award, including: (1) "where the award was procured by corruption, fraud, or undue means;" (2) "where there was evident partiality or corruption in the arbitrators;" (3) "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown;" or (4) "where the arbitrators exceeded their powers."  9 U.S.C. § 10(a).  Additionally, the Second Circuit has recognized that a "court may set aside an arbitration award if it was rendered in 'manifest disregard of the law.'" *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011) (citation omitted).

Courts are required to "construe pro se pleadings broadly and interpret them 'to raise the strongest arguments that they suggest.'" *Torres v. Carry*, 800 F. Supp. 2d 577, 582 (S.D.N.Y. 2011) (quoting *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996)); *see also McCarthy v. Smith Barney Inc.*, 58 F. Supp. 2d 288, 292 n.3 (S.D.N.Y. 1999) (applying liberal construction to pro se party's petition to vacate an arbitration award).

## II.    Petitioner Fails to Establish Any Grounds to Vacate the Arbitration Award

Petitioner raises several grounds for the vacatur of the arbitration award.  He argues that the award was procured by corruption, fraud, or undue means because the case administration team was replaced nearly a month before the final evidentiary hearing, which the arbitrators refused to postpone; an insider informed him of improper *ex parte* communications between FINRA and Respondent; and a FINRA insider hacked FINRA's systems to blacklist Petitioner from using its email system.  Petition at 6–8.

To demonstrate an award was procured by corruption, fraud, or undue means, courts in this District consider whether the party seeking vacatur has shown that (1) the respondent "engaged in fraudulent activity; (2) the petitioner could not, in the exercise of due diligence,

have discovered the alleged fraud prior to the award; and (3) the alleged fraud materially related

to an issue in the arbitration." *Luzar Trading, S.A. v. Tradiverse Corp.*, No. 20-CV-3387

(KMW), 2021 WL 1164041, at \*7 (S.D.N.Y. Mar. 25, 2021) (citation omitted).  Petitioner's

allegations center on FINRA's administrative conduct, and he largely fails to allege any

fraudulent activity by Respondent.  To the extent that he argues Respondent engaged in improper

*ex parte* communications with FINRA, he fails to provide any evidence to substantiate his claim.

Petitioner also argues that the arbitrators were partial towards Respondent or corrupt,

based on an arbitrator's characterization of him as a "vexatious litigant"; the fact that a witness

for Respondent remained present for an entire hearing; the arbitrators prohibiting his

representative from speaking at the final hearing; and specious allegations that the arbitration

panel was eavesdropping on him in the videoconference "breakout room."  Petition at 8–14.

"[A]n arbitrator is disqualified only when a reasonable person, considering all the

circumstances, would *have* to conclude that an arbitrator was partial to one side," and such a

conclusion can be inferred "from objective facts inconsistent with impartiality," not "based

simply on speculation."  *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*,

668 F.3d 60, 72 (2d Cir. 2012) (citations omitted).  Petitioner provides no credible support for his

speculative claim that the arbitrators eavesdropped on him.  Furthermore, none of the

circumstances raised by Petitioner would necessarily lead a reasonable person to conclude that

the arbitrators were partial to Respondent; rather, the decisions about which Petitioner complains

were simply adverse or administrative rulings or reflected the arbitrators' view of the case based

on the evidence before them.  None of those circumstances amounts to bias.  *See Scandinavian*

*Reinsurance Co.*, 668 F.3d at 72, 75; *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

*Irrevocable Tr.*, 878 F. Supp. 2d 459, 466 (S.D.N.Y. 2012) (citing *Ballantine Books, Inc. v. Cap. Distrib. Co.*, 302 F.2d 17, 21 (2d Cir. 1962)).

Petitioner's claim that the arbitrators engaged in misconduct when they refused to postpone the final hearing does not support vacatur of the arbitration award. *See* Petition at 14–16. It does not appear that Petitioner ever requested to postpone the hearing, Kauff Decl. ¶ 12; rather, Petitioner argues that "the arbitrators possessed the authority to act on their own initiative" to do so. *Id.* at 14. That is, of course, true, but the issue for this Court is whether the procedure the arbitrators employed "was fundamentally unfair." *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) (citation omitted). Petitioner has provided the Court with several hours of audio recordings of the two-day final hearing, and he has not identified, nor has the Court found, any indicia of fundamental unfairness that resulted from the failure of the arbitrators to *sua sponte* postpone the hearing.

The arbitrators did not exceed their authority in deferring their decision on Respondent's motion to dismiss. FINRA Rule 12504(a) explicitly provides that a motion to dismiss "prior to the conclusion of a party's case in chief" is discouraged, and FINRA Rule 12504(b) allows for such a motion to be filed after the conclusion of the case in chief.

Finally, Petitioner has failed to carry his burden to show that the arbitrators manifestly disregarded the law. Manifest disregard of the law requires a two-part showing: (1) "whether the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable;" and (2) "whether the arbitrator knew about 'the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it.'" *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 n.1 (2d Cir. 2011) (citation omitted). Even construing the Petitioner's arguments broadly, he has failed to identify any clearly defined legal principle that

the arbitrators ignored.  The Petition cites caselaw regarding the requirements to maintain a

private action under the Racketeer Influenced and Corrupt Organizations Act, *see Sedima,*

*S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985), the limitations on the Fifth Amendment privilege

against compulsory self-incrimination when asserted in a representative capacity, *see Bellis v.*

*United States*, 417 U.S. 85 (1974), and the due process rights of prisoners in disciplinary

proceedings, *see Baxter v. Palmigiano*, 425 U.S. 308 (1976); Petition at 19–20.  The Petition

does not explain, nor does the Court understand, how any of those authorities pertains to the

arbitration proceedings.

In another case cited by Petitioner, *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, the

Second Circuit held that an arbitrator did not exceed his powers in reconsidering and revising an

award consistent with his interpretation of his reconsideration authority under the relevant rules.

592 F.3d 329, 342–47 (2d Cir. 2010).  Petitioner complains that the arbitrators denied his motion

for reconsideration.  Petition at 20.  Just because an arbitrator has the power under certain

circumstances to reconsider an award does not mean that an arbitrator is always required to

reconsider an award upon a request from the losing party.

Petitioner also takes issue with the arbitrators' denial of his motion to amend the

statement of claim to add Pershing, LLC ("Pershing") as a respondent.  *Id.* at 20–22.  Petitioner

states that "the claims arise out of the same transaction or occurrence, or series of transactions or

occurrences," Petition at 20 (cleaned up), apparently tracking the standard for permissive joinder

of parties under Rule 20 of the Federal Rules of Civil Procedure.  Petitioner, however, does not

allege that the arbitrators ignored that standard when assessing his motion to amend.  Petitioner

filed his motion on May 16, 2024, and did not file a proposed Amended Statement of Claim until

May 22, 2024.  Petition at 29.  The arbitrators concluded that Petitioner had previously amended

his Statement of Claim, and there was insufficient time to consider Petitioner's motion that was filed on the eve of the final hearing (scheduled for June 5, 2024).  *Id.* at 130.  The Court cannot conclude that the arbitrators manifestly disregarded the law by declining to permit Petitioner to add Pershing as a respondent practically on the eve of the hearing.  *See* Petition at 29.

## CONCLUSION

For the foregoing reasons, the Petition is DENIED.  Because Citi opposed the Petition, *see* Respondent Mem., Dkt. 24; Kauff Decl., the Court treats its opposition to Petitioner's motion to vacate as a motion to confirm the arbitration award.  *See First Cap. Real Est. Invs., L.L.C. v. SDDCO Brokerage Advisors, LLC*, 355 F. Supp. 3d 188, 196 (S.D.N.Y. 2019).  As the Court's denial of the former implies a grant of the latter, the arbitration award is confirmed.  *See id.*

The Clerk of Court is respectfully directed to terminate all open motions and close this case.

**SO ORDERED.**

Date:  **March 11, 2025**
         **New York, New York**

                                        **VALERIE CAPRONI**
                              **United States District Judge**